UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 27  AM 11: 13

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| CHRISTOPHER BODIN AND KYLAN BODIN | * | |
| VERSUS | * | CIVIL ACTION NO. 07-3505 |
| JAMES C. BUTLER AND JOYCELYN BUTLER | * | SECTION JUDGE |
| | * | MAGISTRATE SECT. R MAG. 4 |

* * * * * * * * * *

## COMPLAINT

The Complaint of Christopher Bodin and Kylan Bodin, both persons of the full age of majority domiciled in, and citizens of, the State of Tennessee, respectfully represents:

### Jurisdiction

1.

Subject matter jurisdiction over this action is founded on the diversity of citizenship of the parties.

2.

The amount in controversy in this matter exceeds $75,000.

### Personal Jurisdiction

3.

Personal jurisdiction over this matter is founded upon the presence of the defendants within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

Fee $350
Process
X Dktd
CtRmDep
Doc. No

**Parties**

4.

The Plaintiffs, Christopher Bodin and Kylan Bodin (hereinafter collectively referred to as the BODINS) are domiciled in, and are citizens of, the State of Tennessee.

5.

The Defendants, James C. Butler and Joycelyn Butler (hereinafter collectively referred to as the BUTLERS) are persons of the full age of majority and are domiciled in, and citizens of, the Parish of St. Tammany, State of Louisiana.

**Facts**

6.

The BODINS were the owners of two parcels of real property located in the City of Covington, Parish of St. Tammany, the first of which was a lot with improvements bearing the municipal number 318 Twin River Drive, Covington, Louisiana, (318 TWIN RIVER DRIVE) and the second of which was an adjacent unimproved lot of ground (hereafter, LOT #10).

7.

On or about, October 8, 2005, the BODINS listed 318 TWIN RIVER DRIVE for sale for the asking price of $1,175,000 and LOT#10 for sale for the asking price of $145,000, using one "Multiple Listing Service" number for the purpose of offering both properties as a package.

8.

On or about May 12, 2006, the BUTLERS, through their real estate agent, submitted an Agreement to Purchase or Sell offering to purchase 318 TWIN RIVER DRIVE for the sum of $915,000, declining to purchase the adjacent LOT#10.

9.

The May 12, 2006, offer submitted by the BUTLERS was rejected on May 14, 2006, by the BODINS who counter-offered the sale of 318 TWIN RIVER DRIVE at the price of $1,070,000.00, which counteroffer was not accepted by the BUTLERS.

10.

On or about May 22, 2006, the BUTLERS, through their agent, submitted an Agreement to Purchase or Sell offering to purchase 318 TWIN RIVER DRIVE for the sum of $965,000, again declining to purchase the adjacent LOT#10.

11.

The May 22, 2006, the Agreement to Purchase or Sell submitted by the BUTLERS was accepted on all terms save that of the price, on which the BODINS counter-offered sale of 318 TWIN RIVER DRIVE at the price of $980,000, which price was accepted by the BUTLERS on May 23, 2006 thereby perfecting the offer and acceptance and resulting in the May 22, 2006, Agreement to Purchase or Sell becoming a contract to purchase (hereafter, the CONTRACT).

12.

The CONTRACT was subject to an "AS IS" clause.

13.

In accordance with the CONTRACT the BUTLERS undertook inspection of the property through a contractor.

14.

In accordance with the terms of the CONTRACT, the results of the inspection were submitted to the BODINS and the BODINS undertook repairs to 318 TWIN RIVER DRIVE as required by the inspection report.

15.

In addition to the repairs undertaken by the BODINS, the BODINS undertook separation of the water sprinkler system to the adjacent LOT#10, which the BUTLERS had declined to purchase.

16.

Under the terms of the CONTRACT, the BUTLERS were required to apply for financing.

17.

Upon information and belief it is alleged that the BUTLERS willfully failed to complete the application for financing.

18.

At no time did the BUTLERS advise the BODINS that the repairs to 318 TWIN RIVER DRIVE undertaken by the BODINS in response to the BUTLERS' inspection were insufficient or unacceptable.

19.

The BUTLERS failed to undertake the final inspection as required by the CONTRACT.

20.

In accordance with the terms of the CONTRACT, an Act of Sale was convened in the offices of Mahoney Title Company on June 30, 2006 at Noon, the scheduled place, date and time stipulated in the CONTRACT for execution of the Act of Sale.

21.

The BODINS, through their agent and attorney-in-fact, appeared at the Act of Sale prepared and willing to, and did, tender merchantable title to 318 TWIN RIVER DRIVE.

22.

At the Act of Sale on June 30, 2006, the BODINS were informed by the BUTLERS' agent that the BUTLERS would not appear at the Act of Sale.

23.

On May 29, 2006, the BODINS accepted an offer to purchase lot number 10 for $180,000, predicated on the BUTLERS' purchase of 318 TWIN RIVER DRIVE.

24.

Upon the BUTLERS' failure to take title to 318 TWIN RIVER DRIVE, the sale of LOT#10 failed, the predication having not been fulfilled.

25.

Based upon the BUTLERS acceptance of the Agreement to Purchase or Sell the BODINS entered into a contract to purchase a new home in Brentwood, TN, the purchase predicated on the sale of 318 TWIN RIVER DRIVE.

26.

The fact that the BODINS had entered into a contract to purchase a new home in Brentwood, TN, predicated on the sale of 318 TWIN RIVER DRIVE was known to the BUTLERS.

27.

Upon the BUTLERS' failure to take title to 318 TWIN RIVER DRIVE the BODINS were unable to complete the purchase of a new home in Brentwood, TN, requiring them to continue to rent a dwelling and storage space for their personal possessions.

28.

On February 16, 2007, the BODINS sold 318 TWIN RIVER DRIVE for the sum of $900,000 and LOT#10 for the sum of $150,000.

29.

The BUTLERS' failure to take title when tendered by the BODINS was a breach of the CONTRACT, said breach being in bad faith, rendering the BUTLERS liable to the BODINS for all the damages, foreseeable or not, that are a direct consequence of their failure to perform including, but not limited to :

  a. The difference between the sales price contracted for 318 TWIN RIVER DRIVE by the BUTLERS, ($980,000) and the price for which the property eventually sold ($900,000), viz., $80,000;

  b. The difference between the sales price contracted for Lot #10 predicated on the sale of the adjoining property to the BUTLERS, ($180,000) and the price for which the property eventually sold ($150,000), viz., $30,000;

c. Monthly mortgage payments in the amount of $9,541.58 on 318 TWIN RIVER DRIVE and LOT #10, totaling $71,561.85 for the 7.5 months between the date of the BUTLERS refusal to take title and the eventual sales of the properties;

d. Termite inspection costs totaling $65.00;

e. Pro-rata flood insurance costs totaling $681.61;

f. Pro-rata real estate taxes totaling $1,946.59;

g. Utilities in the amount of $2,750.92;

h. Maintenance and upkeep expenses in the amount of $5,337.00;

i. Pro-rata homeowners association dues in the amount of 980.96;

j. Homeowner's association assessment in the amount of $3,000;

k. Well expenses in the amount of $915.00;

l. Storage expenses in the amount of $7,350.00;

m. The non-refundable deposit of $5,000 and inspection costs of $450 associated with the purchase of the home in Brentwood, TN, totaling $5,450.00;

n. Inconvenience, mental anguish and other non-pecuniary damages to be proven at trial;

o. All costs of this action, including attorney's fees;

WHEREFORE, the plaintiffs, Christopher Bodin and Kylan Bodin pray that this Complaint be filed and served upon the defendants James Butler and Joycelyn Butler and that after due proceedings are had there be judgment against James Butler and Joycelyn Butler, *in solido*, and in favor of Christopher Bodin and Kylan Bodin for all damages, foreseeable or not, that are a direct

consequence of their failure to perform under the Agreement to Purchase 318 TWIN RIVER DRIVE at the price of $980,000, for all costs of this proceeding, including attorney's fees, interest from the date of judicial demand and for all other appropriate legal and equitable relief.

Respectfully Submitted,

_____
Gilbert R. Buras, Jr. (La Bar #3652)
710 Carondelet Street
New Orleans, Louisiana 70130
Telephone (504) 581-4334
Facsimile (866) 257-3697

Attorney for Christopher Bodin and Kylan Bodin

C:\BDoc\Bodin\Complaint Final.wpd